IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **ALFRED TIMOTHY BRATTON**,   )<br>)<br>   Petitioner   )<br>)<br>v.   )<br>)<br>**RICHARD KEARNEY**, Warden,   )<br>and **M. JANE BRADY**, Attorney   )<br>General of the State of Delaware,   )<br>)<br>   Respondents   ) | Civ. Act. No. 04-1341-KAJ |

### ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, respondents submit the following in response to the petition for a writ of habeas corpus:

1. Petitioner Alfred Timothy Bratton, also known as Timothy Alfred Bratton, was arrested in February 2004, being charged with first degree reckless endangering, resisting arrest, two drug offenses, and 15 motor vehicle offenses. In April 2004, prosecutors filed in Superior Court an information charging Bratton with first degree reckless endangering, maintaining a vehicle for keeping controlled substances, possession of cocaine, resisting arrest, and four motor vehicle offenses. Prosecutors filed an amended information in Superior Court in October 2004, this time charging Bratton with first degree reckless endangering, maintaining a vehicle for keeping controlled substances, possession of cocaine, resisting arrest, disregarding a police

officer's signal, and driving during a period of license suspension or revocation. After a two day jury trial in Superior Court on October 12 and 13, 2004, Bratton was convicted of all six charges. Bratton was sentenced in December 2004, but no appeal to the state supreme court was taken. As evidenced by the Superior Court docket, Bratton, as of March 15, 2005, had not applied for state post-conviction relief.

    2. Bratton, in September 2004, applied for federal habeas relief. Reading the petition (DI 1) and a subsequent two-page memorandum (DI 3) together, Bratton advances the following claims for relief: insufficient evidence to convict him (DI 1, ¶12A; DI 3);[1] counsel was ineffective in failing to prepare for trial (DI 1, ¶12B); he was denied a speedy trial (DI 1, ¶¶12C-D; DI 3); counsel was ineffective at trial in failing to object to the police officer's testimony and to the prosecutor's comments (DI 3); and the police officer gave perjured testimony (DI 3). Bratton's three substantive claims -- insufficient evidence to convict him, lack of a speedy trial, and the allegedly perjured testimony of the police officer -- have not been presented to the state supreme court. A state prisoner seeking federal habeas relief must exhaust remedies available in the state courts. 28 U.S.C. §2254(b); *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Rose v. Lundy*, 455 U.S. 509, 515 (1982). In order to demonstrate that a claim has been exhausted in the

---

[1] Bratton, in that paragraph of the petition, asserts that *Miranda* warnings were not read to him. However, Bratton does not allege in any of his papers that the prosecution introduced into evidence a statement that was taken in violation of *Miranda*. As a result, Bratton's cursory reference to *Miranda* offers no basis for relief. *E.g., Mayberry v. Petsock*, 821 F.2d 179, 185 (3d Cir. 1987); *DeShields v. Snyder*, 830 F.Supp. 819, 823 (D. Del. 1993). *See also* Rule 2(c), Rules Governing Section 2254 Actions.

Delaware state courts, the prisoner "must show that he presented each claim to the Delaware Supreme Court." *Stevens v. Delaware Corr'l Center*, 295 F.3d 361, 369 (3d Cir. 2002). Ordinarily, a failure to exhaust a claim results in dismissal of the habeas petition, *Rose v. Lundy*, *supra*, or a stay of the federal habeas proceedings to allow the prisoner to exhaust state court remedies (*Crews v. Horn*, 360 F.3d 146, 154-55 (3d Cir. 2004)). If, however, there is no available state remedy, Bratton is excused from the exhaustion requirement. *See Teague v. Lane*, 489 U.S. 288, 298 (1989); *Castille*, 489 U.S. at 351-52. Any attempt by Bratton to now appeal his conviction would be futile because Delaware Supreme Court Rule 6(a)(ii) and Del. Code Ann. tit. 10, §147 required that the notice of appeal be filed within 30 days of his sentencing in December 2004. *See Eller v. State*, 531 A.2d 948 (Del. 1987); *Eller v. State*, 531 A.2d 951 (Del. 1987). Here, the record demonstrates that Bratton did not file a timely notice of appeal from the Superior Court's sentencing. Moreover, because Bratton did not raise the issues on direct appeal, the three claims are procedurally defaulted under Superior Court Criminal Rule 61(i)(3). *See, e.g, McLaughlin v. Carroll*, 270 F.Supp.2d 490, 512-13 (D. Del. 2003).

    3. Thus, because there is no available state remedy, Bratton is excused from the exhaustion requirement. *See Teague*, 489 U.S. at 297-98; *Castille*, 489 U.S. at 351-52; *Clark v. Pennsylvania*, 892 F.2d 1142, 1146-47 (3d Cir. 1989); *Lawrie v. Snyder*, 9 F. Supp. 2d 428, 454 (D. Del. 1998); *Dawson v. Snyder*, 988 F. Supp. 783, 804 (D. Del. 1997). However, because Bratton procedurally defaulted these three claims in the state courts, federal

habeas review is barred unless he establishes cause for the procedural default and actual prejudice. *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Caswell v. Ryan*, 953 F.2d 853, 861-62 (3d Cir. 1992); *McLaughlin*, 270 F.Supp.2d at 513. To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense" precluded his compliance with state procedural rules. *McCleskey v. Zant*, 499 U.S. 467, 493 (1991); *Murray v. Carrier*, 477 U.S. 478, 487 (1986). Here, the record does not reveal any explanation for the procedural default, i.e., failing to present his claims to the state supreme court on appeal, and Bratton offers no explanation. Because Bratton has not alleged and the record does not reveal cause for his procedural default, i.e., an external impediment which prevented an appeal to the state supreme court, this Court need not reach the question of whether he has shown any actual prejudice. *See Coleman*, 501 U.S. at 757; *Smith v. Murray*, 477 U.S. 527, 533 (1986); *McLaughlin*, 270 F.Supp.2d at 513. Thus, consideration of Bratton's three substantive claims is precluded because he procedurally defaulted the claims in the state courts.

     4. Bratton has not presented to the state courts either of his claims that trial counsel provided ineffective assistance. Bratton has an available state remedy, through a motion for state post-conviction relief under Superior Court Criminal Rule 61, which can be used to present his claims of ineffective assistance to the state courts.[2]  *See, e.g.,*

---

[2] Bratton did not file a direct appeal following his conviction, but claims of ineffective assistance can not be raised on direct appeal. *E.g., Wright v. State*, 633 A.2d 329, 336 &

*Flamer v. State*, 585 A.2d 736, 753 (Del. 1990). A fair reading of Criminal Rule 61 thus indicates that Bratton can present his allegations of ineffective assistance to the state courts, and in the absence of a state court decision clearly foreclosing his return to the state courts, Bratton has an available state remedy. *Toulson v. Beyer*, 987 F.2d 984, 987-89 (3d Cir. 1993). Because Bratton's claims of ineffective assistance are not exhausted, the petition must be dismissed in its entirety unless Bratton voluntarily dismisses the unexhausted claims.[3] *E.g., Rose*, 455 U.S. at 520-21; *McMahon v. Fulcomer*, 821 F.2d 934, 940 (3d Cir. 1987).

    5. Based upon the Superior Court docket sheet, it appears that the transcripts of Bratton's trial and sentencing have not been prepared. In the event that the Court directs production of any transcript, respondents cannot state with specificity when the

---

n.14 (Del. 1993). As a result, under state law, Bratton did not forfeit his claims of ineffective assistance by not filing a direct appeal.

[3]Under *Crews*, if the petition contains exhausted and unexhausted claims, a district court should stay the federal habeas proceedings pending exhaustion of state remedies to avoid barring from federal court a petitioner who has otherwise timely filed his petition. Here, the limitations period of 28 U.S.C. §2244(d) is not close to expiring, the one year period having started in January 2005 when the 30 day period ended for Bratton to appeal his conviction to the state supreme court. Thus, because a substantial amount of time still remains in the limitations period, the rule set out in *Crews* is not applicable.

transcript could be produced, but reasonably expect that production would take 90 days from the issuance of any order by the Court.

/s/ **LOREN C. MEYERS**
Loren C. Meyers
Chief of Appeals Division
Department of Justice
820 N. French Street
Wilmington, DE  19801
(302) 577-8500
Del. Bar ID 2210
loren.meyers@state.de.us

April 4, 2005

## CERTIFICATE OF SERVICE

The undersigned, being a member of the Bar of the United States District Court for the District of Delaware, hereby certifies that on April 4, 2005,

1. He caused two copies of the attached document (Answer) to be deposited in the United States Mail, first class postage prepaid, addressed to the following non-registered participant:

Timothy A. Bratton
No. 220904
Sussex Halfway House
R.D. 1, Box 700
Georgetown, DE  19947

2. He electronically filed the Answer with the Clerk of the District Court using CM/ECF.

/s/ **LOREN C. MEYERS**
Loren C. Meyers
Chief of Appeals Division
Department of Justice
820 N. French Street
Wilmington, DE  19801
(302) 577-8500
Del. Bar ID 2210
loren.meyers@state.de.us

April 4, 2005