Office of the Clerk
United States District Court
844 N. King Street, Lockbox 18
Wilmington, Delaware 19801-3570

OFFICIAL BUSINESS

RECEIVED

MAY 1 6 2006

SCI MAILROOM

RTS
RETURN TO SENDER

☐ INSUFFICIENT ADDRESS
☒ ATTEMPTED NOT KNOWN
☐ NO SUCH NUMBER/ STREET
☐ NOT DELIVERABLE AS ADDRESSED
- UNABLE TO FORWARD

☐ OTHER

A
C
S

Alfred Timothy Br
SBI#00220904
SCI
P.O. Box 500
Georgetown, DE

19401-3519-93 0012

2006 MAY 19 PM 3:31

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT 2006 MAY 15 PM 1: 27

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALFRED TIMOTHY BRATTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 04-1341-KAJ |
| | ) | |
| RICHARD KEARNEY, Warden, and | ) | |
| CARL C. DANBERG, Attorney General | ) | |
| of the State of Delaware, | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION

_____

Alfred Timothy Bratton. *Pro se* Petitioner.

Loren C. Meyers, Chief of Appeals Division, Delaware Department of
Justice, Wilmington, Delaware. Attorney for Respondents.

_____

May 15, 2006
Wilmington, Delaware



JORDAN, District Judge

## I.     INTRODUCTION

Petitioner Alfred Timothy Bratton ("Bratton") is incarcerated at the Sussex

Correctional Center in Georgetown, Delaware.  Bratton filed the pending petition for a

writ of habeas corpus and supporting memorandum under 28 U.S.C. § 2254.  For the

reasons discussed, I will dismiss his petition without prejudice.  (Docket Item ["D.I."] 1;

D.I. 3)

## II.    PROCEDURAL AND FACTUAL BACKGROUND

In April 2004, prosecutors filed an information charging Bratton with first degree

reckless endangering, maintaining a vehicle for keeping controlled substances,

possession of cocaine, resisting arrest, and four motor vehicle offenses.  Prosecutors

filed an amended information in October 2004, this time charging Bratton with first

degree reckless endangering, maintaining a vehicle for keeping controlled substances,

possession of cocaine, resisting arrest, disregarding a police officer's signal, and driving

during a period of license suspension or revocation.  A Delaware Superior Court jury

convicted Bratton of all six charges in October 2004, and the Superior Court sentenced

Bratton in December 2004.  Bratton did not file a direct appeal, and the record reveals

that Bratton has not applied for state post-conviction relief pursuant to Delaware

Superior Court Rule 61.

## II.    GOVERNING LEGAL PRINCIPLES

### A.    Exhaustion And Procedural Default

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA") "to reduce delays in the execution of state and federal criminal sentences ...

and to further the principles of comity, finality, and federalism." *Woodford v. Garceau*,

538 U.S. 202, 206 (2003) (internal citations and quotation marks omitted).  AEDPA

increases the deference federal courts must give to state court decisions, primarily by

imposing procedural requirements and standards for analyzing the merits of a habeas

petition. *See id.* at 206.  For example, AEDPA imposes a one-year limitations period on

the filing of habeas petitions.  28 U.S.C. § 2244(d).  Additionally, before seeking habeas

relief from a federal court, a state prisoner must exhaust remedies available in the state

courts.  28 U.S.C. § 2254(b)(1).  The exhaustion requirement is grounded on principles

of comity in order to ensure that state courts have the initial opportunity to review

federal constitutional challenges to state convictions. *Werts v. Vaughn,* 228 F.3d 178,

192 (3d Cir. 2000).  A state prisoner exhausts state remedies by fairly presenting the

substance of his federal habeas claims to the state's highest court, either on direct

appeal or in a post-conviction proceeding. *See O'Sullivan v. Boerckel,* 526 U.S. 838,

844-45 (1999); *Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir. 1997); *Coverdale v.

Snyder,* 2000 WL 1897290, at *2 (D. Del. Dec. 22, 2000).

If a petitioner did not fairly present a federal habeas claim to the state courts,

and further state court review is still available, that claim is not exhausted.  Generally, a

federal court will dismiss without prejudice an unexhausted claim in order to give a

2

petitioner an opportunity to present that claim to the state courts. *Lines v. Larkins*, 208 F.3d 153, 159-60 (3d Cir. 2000). However, if state procedural rules bar further state court review of an unexhausted claim, a federal court will excuse the petitioner's failure to exhaust and treat the claim as exhausted. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991); *see Slutzker v. Johnson*, 393 F.3d 373, 380 (3d Cir. 2004) ("[e]xhaustion is not required where pursuit of state remedies would be futile"). Although deemed exhausted, these claims are procedurally defaulted, and a federal court cannot review the merits of procedurally defaulted claims absent a showing of cause for, and prejudice resulting from, the procedural default, or that a miscarriage of justice will result if the claim is not reviewed on the merits. *See Coleman*, 501 U.S. at 745-46.

Sometimes a petitioner will present a mixed habeas petition containing both exhausted and unexhausted claims. *See generally Rose v. Lundy*, 455 U.S. 509 (1982). In these circumstances, a district court must dismiss the mixed petition in its entirety, without prejudice, in order to give the petitioner an opportunity to present the unexhausted claims to the state courts. *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *Pliler v. Ford*, 542 U.S. 225, 229-30 (2004); *Rose*, 455 U.S. at 510, 522; *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997). However, if a petitioner filed his mixed petition within AEDPA's one-year limitations period, but the period expired during the pendency of the petition in federal court, then dismissing the mixed petition without prejudice will effectuate a dismissal with prejudice because the petitioner will be time-barred from presenting any newly exhausted claim in a new habeas petition. *See Rhines*, 544 U.S. at 275. When this situation occurs, a district court has limited

3

discretion to stay the habeas proceeding to enable the petitioner to satisfy the

exhaustion requirement without precluding future federal habeas review. *Rhines*, 544

U.S. at 277-78 (holding that the situations in which a federal court has discretion to

engage in the stay-and-abey procedure for mixed petitions are very limited); *compare*

*with Crews v. Horn*, 360 F.3d 146, 154 (3d Cir. 2004) (holding that "a stay is the only

appropriate course of action" for a mixed petition "when an outright dismissal could

jeopardize the timeliness of a collateral attack."). The stay-and-abey procedure is only

appropriate when the petitioner "had good cause for his failure to exhaust, his

unexhausted claims are potentially meritorious, and there is no indication that the

petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 278.

## III.    DISCUSSION

Bratton asserts five grounds for relief in his petition and supporting

memorandum:  (1) there was insufficient evidence to convict him; (2) he was denied his

Sixth Amendment right to effective assistance of counsel because counsel failed to

adequately prepare for trial; (3) trial counsel provided ineffective assistance by failing to

object to the police officer's testimony and the prosecutor's comments; (4) he was

denied a speedy trial; and (5) the police officer gave perjured testimony. (D.I. 1; D.I. 3)

Bratton did not exhaust state remedies for any of his five claims; he did not

appeal his conviction and sentence, and he did not file a Rule 61 motion for post-

conviction relief. The record reveals that Bratton may still exhaust state remedies for

his two ineffective assistance of counsel claims.[1]  However, state procedural rules

---

[1]In Delaware, a state prisoner must present an ineffective assistance of counsel
claim to the Superior Court in a Rule 61 motion within three years of his conviction

4

would bar Bratton from exhausting state remedies for claims one, four, and five -- the

time to raise the claims in a timely notice of appeal has expired, and any attempt to

raise the claims in a Rule 61 motion would be barred as procedurally defaulted under

Rule 61(i)(3). Del. Sup. Ct. R. 6(a) (imposing 30 day appeal period); Del. Super. Ct.

Crim. R. 61(i)(3) (procedural default); *see, e.g., McLaughlin v. Carroll*, 270 F. Supp. 2d

490, 512-13 (D. Del. 2003). Consequently, I can excuse Bratton's failure to exhaust

state remedies for claims one, four, and five, but the claims are still procedurally

defaulted. Bratton has not demonstrated cause for, and prejudice resulting from, his

procedural default, or that a miscarriage of justice will occur without a merits review.

Thus, I cannot review the merits of procedurally defaulted claims one, four, and five.

Bratton's petition, which contains two unexhausted claims and three

unexhausted but procedurally defaulted claims, constitutes a mixed petition. *See, e.g.,*

*Dreher v. Pinchak*, 61 Fed. Appx. 800, 806 (3d Cir. 2003) (stating that, "[a]s Dreher's

habeas petition now contains at least one unexhausted claim, it is a 'mixed petition.'")

(non-precedential); *Slutzker*, 393 F.3d at 380; *Toulson v. Beyer*, 987 F.2d 984, 987 (3d

Cir. 1993) (A "petition containing unexhausted but procedurally barred claims in addition

to exhausted claims [] is not a mixed petition."). However, in Bratton's circumstances,

even if I dismiss the petition without prejudice, the dismissal will effectuate a dismissal

with prejudice and likely foreclose further federal habeas review because AEDPA's

becoming final. *Kendall v. Attorney General of Delaware*, 2002 WL 531221, at *4 n.2
(D. Del. Mar. 26, 2002); Del. Super. Ct. Crim. R. 61(i)(1). Bratton's conviction became
final for Rule 61 purposes in January 2005, thus, he has until January 2008 to raise his
ineffective assistance of counsel claims to the Delaware Superior Court via a Rule 61
motion. *See* Del. Super. Ct. Crim. R. 61(m).

limitations period expired while the habeas proceeding was pending. Nevertheless, I will not stay the instant proceeding because Bratton has not demonstrated good cause for his failure to exhaust state remedies. When the State filed its answer in April 2005 explaining Bratton's failure to exhaust and the possible ways to correct that failure, there were still approximately nine months remaining in AEDPA's one-year limitations period. The State's answer clearly and thoroughly explains that Bratton could either voluntarily dismiss the unexhausted ineffective assistance of counsel claims from his habeas petition, or he could pursue his ineffective assistance of counsel claims via a Rule 61 motion in the Superior Court. At a minimum, during the ensuing nine months, Bratton could have filed a response to the State's exhaustion argument explaining his failure to file a Rule 61 motion. Alternatively, Bratton could have filed a Rule 61 motion in the Superior Court, or he could have voluntarily dismissed the claims from his habeas petition. Bratton, however, did not provide any explanation for his failure to exhaust, nor did he take any action to correct that failure. Thus, I conclude that a stay is not warranted.

Accordingly, I will dismiss Bratton's habeas petition without prejudice for failure to exhaust state remedies.

## IV.    CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional

claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

I conclude that Bratton's habeas petition must be dismissed without prejudice for failure to exhaust state remedies. Reasonable jurists would not find this conclusion to be unreasonable. Consequently, I will not issue a certificate of appealability.

## V.    CONCLUSION

For the reasons stated, Bratton's petition for habeas relief pursuant to 28 U.S.C. § 2254 is dismissed without prejudice for failure to exhaust. An appropriate order will follow.

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE    2006 MAY 15  PM 1: 27

ALFRED TIMOTHY BRATTON,          )
                                 )
        Petitioner,              )
                                 )
v.                               )        Civ. A. No. 04-1341-KAJ
                                 )
RICHARD KEARNEY, Warden, and     )
CARL C. DANBERG, Attorney General )
of the State of Delaware,        )
                                 )
        Respondents.             )

## ORDER

For the reasons set forth in the Memorandum Opinion issued in this action today,

IT IS HEREBY ORDERED that:

1.      Alfred Timothy Bratton's petition for the writ of habeas corpus, filed

pursuant to 28 U.S.C § 2254, is DISMISSED without prejudice for failure to exhaust.

(D.I. 1; D.I. 3)

2.      The court declines to issue a certificate of appealability.  *See* 28 U.S.C. §

2253(c)(2).

UNITED STATES DISTRICT JUDGE

May 15, 2006
Wilmington, Delaware